**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.:

CORPORATE INSURANCE
ADVISORS, LLC,

      Plaintiff,

vs.

BARBARA A. ADDEO,
LORRAINE R. CARRIO,
and DONNA J. MARCHESE,

      Defendants.

_____/

## COMPLAINT

Plaintiff Corporate Insurance Advisors, LLC ("CIA") sues Defendants Barbara A. Addeo ("Addeo"), Lorraine R. Carrio ("Carrio") and Donna J. Marchese ("Marchese") and says:

## INTRODUCTION

1.    CIA brings this action for injunctive relief and damages to remedy misappropriation by Addeo, Carrio and Marchese of trade secrets and other confidential and proprietary business information belonging to CIA and to enforce contractual promises made and breached by Addeo and Carrio.    As detailed below, CIA seeks relief pursuant to:    (1) the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*; (2) the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688.001–688.009; and (3) written agreements entered into by Addeo and Carrio.

2.    While still affiliated with CIA and in coordination with each other, Addeo, Carrio and Marchese began an effort to divert business from CIA to The Liberty Company Insurance Brokers, Inc. ("Liberty") and its affiliate Moody Insurance Group, Inc. ("Moody"), with whom

Addeo and Carrio became formally associated on or prior to August 15, 2021.   To do so, Addeo and Carrio improperly used their own access, and Marchese improperly used hers at their direction and request, to acquire CIA's trade secrets and other confidential and proprietary business information, which Addeo and Carrio are now using to cause irreparable harm to CIA.

## GENERAL ALLEGATIONS

### Jurisdiction, parties and venue

3.      This is an action for injunctive relief and damages.  The Court has original subject-matter jurisdiction over the claim asserted in Counts I through III of this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c).   The Court has supplemental jurisdiction over the related claims asserted in Counts IV and VIII of this action pursuant to 28 U.S.C. § 1367(c).

4.      CIA is a Florida limited liability company qualified to do business in the State of Florida and has been in continuous business operation in Fort Lauderdale, Florida since 2005. CIA offers a multitude of services relating to the insurance industry at a commercial and individual level, including insurance procurement, brokering and advice.  CIA's services include Commercial Insurance and Risk Management Services, Comprehensive Program Audit and Assessment, Insurance Placement, and Contract Review.   A substantial part of CIA's business involves insurance programs and policies that entail multi-year and long-term relationships between CIA and its clients.

5.      Addeo is an adult citizen and resident of the State of Florida and domiciled at 5113 Woodfield Way, Coconut Creek, Florida 33073.   Accordingly, personal jurisdiction is properly exercised over Addeo in this action and she is otherwise *sui juris.*

6.      Carrio is an adult citizen and resident of the State of Florida and domiciled at 6190 NW 91st Avenue, Parkland, Florida 33067.   Accordingly, personal jurisdiction is properly exercised over Carrrio in this action and she is otherwise *sui juris*.

7.      Marchese is an adult citizen and resident of the State of Florida and domiciled at 11761 NW 27th Street, Plantation, Florida 33323.   Accordingly, personal jurisdiction is properly exercised over Marchese in this action and she is otherwise *sui juris*.

8.      Venue in the United States District Court for the Southern District of Florida is proper in this action under 28 U.S.C. § 1391(b)(1), in that Addeo, Carrio and Marchese reside in this District.   In addition, venue is proper here under 28 U.S.C. § 1391(b)(2), in that the events giving rise to the claims in this action occurred in this District.

### The interests the relief sought this action is necessary to protect

9.      Addeo, Carrio and Marchese were each associated with CIA.    From November 1, 2006 until their resignations effective August 15, 2021, Addeo and Carrio served as "Producers" for CIA.   Carrio held and used the title of Executive Vice President of CIA and Addeo held and used the title of Vice President of CIA.     Marchese, who is Carrio's cousin, worked with CIA in connection with Addeo and Carrio.

10.     For the purpose of operating its business, CIA provides certain CIA personnel, like Addeo, Carrio and Marchese, with access to valuable, confidential CIA business information, including information constituting trade secrets under federal and Florida law, and have access to substantial relationships between CIA and its existing clients.   That information includes the identity of individual insureds as well as associations and members thereof, key contacts at each insured, the specific insurance policies, expiration dates, commission rates, fees, premiums and the other terms and conditions of policies held by those insureds.

11.     Any competitor(s) of CIA who obtains improper access to CIA's trade secrets and confidential business information about CIA's clients thereby gains an unfair competitive advantage over CIA in any market in which the competitor(s) and CIA both operate.

### The conduct giving rise to this action

12.     On Sunday, August 15, 2021, Addeo and Carrio tendered similarly-worded resignations to CIA, both effective that same day.    The next day, Addeo and Carrio formally affiliated themselves with Liberty and Moody, direct competitors of CIA.

13.     Prior to the tendering of those resignations, Addeo, Carrio and Marchese in concert and cooperation with each other, undertook to divert information, business and clients from CIA to Liberty and Moody, in contemplation of or in exchange for (or both), a subsequent relationship with Liberty and Moody.    Addeo, Carrio and Marchese, using access provided solely by virtue of their affiliation with CIA and during that affiliation, acquired confidential and proprietary information regarding CIA's business and clients, including lists and identities of existing clients, specific relationships in place with those clients, specific financial details and related business terms.    Addeo and Carrio are now using this information to divert business from CIA to Liberty and Moody.

14.     For example:  (a) on Wednesday, August 11, 2021 at 1:47 p.m., Marchese forwarded to Carrio detailed information from CIA's database concerning CIA's insurance clients, including the types and scope of coverages, policy numbers, premium amounts, effective dates and expiration dates: (b) the same day at 4:46 p.m., Marchese forwarded Carrio another detailed list of CIA clients from CIA's database, including policy terms including upcoming policy renewal dates, contact information for those clients and individual contact persons; (c) on Thursday, August 12, 2021 at 9:22 p.m., Marchese forwarded Carrio a 58-page report identifying

CIA clients, together with specific types of policies and upcoming expiration dates, and the report included detailed policy numbers, insurers annualized premium information, commission data and other proprietary business information belonging to CIA which, four hours later, at 1:30 a.m. on Friday, August 13, 2021, Carrio forwarded to her personal email address;  (d) on August 15, 2021, at 3:49 a.m., Carrio forwarded, from CIA's database to her personal email address a list of the names and contact information for over 200 CIA accounts.

15.     The business information improperly obtained and retained by Addeo, Carrio and Marchese is proprietary and confidential to CIA.    CIA derives actual and potential economic value from the information and from the fact it is not generally known to or ascertainable by proper means by competitors of CIA, including Liberty and Moody.   CIA protects the secrecy of this information, including by safeguarding and restricting its access and through use of contractual restrictions, limiting disclosure and use of such information.

16.     Addeo and Carrio are now using the client and business information of CIA to target, solicit and improperly interfere with the business relationships between CIA and its clients.  Between August 16, 2021 and the date this action is filed, no fewer 42 client policies of CIA have been improperly diverted from CIA to Liberty and Moody through use of the improperly obtained information, including that specified above.

**<u>COUNT I</u>**
**DEFEND TRADE SECRETS ACT OF 2016**
AGAINST BARBARA A. ADDEO

17.     CIA seeks damages and injunctive relief against Addeo pursuant to the Defend Trade Secrets Act of 2018, 18 U.S.C. §1836, *et seq.*    CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

18.    The confidential and proprietary business information improperly obtained, retained, disclosed and used by Addeo, as specified above, constitutes "trade secrets" as that term is defined by 18 U.S.C. § 1839(3).   CIA is the "owner" of those trade secrets, as that term is defined by 18 U.S.C. § 1839(4).   Addeo's conduct constitutes actual "misappropriation" and threatened future "misappropriation," as that term is defined by 18 U.S.C. § 1839(5)(A) and (5)(B).

19.    Addeo's conduct has caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Addeo's misappropriation of CIA's trade secrets, including the loss and diversion of business and clients from CIA to Liberty and Moody.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)    pursuant to 18 U.S.C. § 1836(b)(3)(A) order Addeo to inventory and return all CIA information in her possession, custody or control to CIA;

(2)    pursuant to 18 U.S.C. § 1836(b)(3)(B), award damages to CIA for the actual loss caused by Addeo's misappropriation and the unjust enrichment caused by Addeo's misappropriation that is not addressed in computing actual loss; and

(3)    grant CIA such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

<u>**COUNT II**</u>
**DEFEND TRADE SECRETS ACT OF 2016**
AGAINST LORRAINE R. CARRIO

20.    CIA seeks damages and injunctive relief against Carrio pursuant to the Defend Trade Secrets Act of 2018, 18 U.S.C. §1836, *et seq.*   CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

21.     The confidential and proprietary business information improperly obtained, retained, disclosed and used by Carrio, as specified above, constitutes "trade secrets" as that term is defined by 18 U.S.C. § 1839(3).   CIA is the "owner" of those trade secrets, as that term is defined by 18 U.S.C. § 1839(4).   Carrio's conduct constitutes actual "misappropriation" and threatened future "misappropriation," as that term is defined by 18 U.S.C. § 1839(5)(A) and (5)(B).

22.     Carrio's conduct has caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Carrio's misappropriation of CIA's trade secrets, including the loss and diversion of business and clients from CIA to Liberty and Moody.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)     pursuant to 18 U.S.C. § 1836(b)(3)(A) order Carrio to inventory and return all CIA information in her possession, custody or control to CIA;

(2)     pursuant to 18 U.S.C. § 1836(b)(3)(B), award damages to CIA for the actual loss caused by Carrio's misappropriation and the unjust enrichment caused by Carrio's misappropriation that is not addressed in computing actual loss; and

(3)     grant CIA such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

**COUNT III**
**DEFEND TRADE SECRETS ACT OF 2016**
AGAINST DONNA J. MARCHESE

23.     CIA seeks damages and injunctive relief against Marchese pursuant to the Defend Trade Secrets Act of 2018, 18 U.S.C. §1836, *et seq.*   CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

24.     The confidential and proprietary business information improperly obtained, retained, disclosed and used by Marchese, as specified above, constitutes "trade secrets" as that term is defined by 18 U.S.C. § 1839(3).   CIA is the "owner" of those trade secrets, as that term is defined by 18 U.S.C. § 1839(4).    Marchese's conduct constitutes actual "misappropriation" as that term is defined by 18 U.S.C. § 1839(5)(A) and (5)(B).

25.     Marchese's conduct has caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Marchese's misappropriation of CIA's trade secrets, including the loss and diversion of business and clients from CIA to Liberty and Moody.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)     pursuant to 18 U.S.C. § 1836(b)(3)(A) order Marchese to inventory and return all CIA information in her possession, custody or control to CIA;

(2)     pursuant to 18 U.S.C. § 1836(b)(3)(B), award damages to CIA for the actual loss caused by Marchese's misappropriation and the unjust enrichment caused by Marchese's misappropriation that is not addressed in computing actual loss; and

(3)     grant CIA such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

## COUNT IV
## FLORIDA UNIFORM TRADE SECRETS ACT
### AGAINST BARBARA A. ADDEO

26.     CIA seeks damages and injunctive relief against Addeo pursuant to the Florida Uniform Trade Secrets Act, Florida Statute §§ 688.001-688.009.    CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

27.     The confidential and proprietary business information improperly obtained, retained, disclosed and used by Addeo, as specified above, constitutes "trade secrets" as that term is defined by Florida Statute § 688.002(4).    Addeo's conduct constitutes actual "misappropriation" and threatened future "misappropriation," as that term is defined by Florida Statute § 688.002(2)(a) and (2)(b).

28.     Addeo's conduct was willful and malicious, has caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Addeo's misappropriation of CIA's trade secrets, including the loss and diversion, including the loss and diversion of business and clients from CIA to Liberty and Moody.

29.     Addeo's conduct has caused CIA to incur costs, expenses and attorneys fees in bringing this action.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)     pursuant to Florida Statute § 688.003:  (a) order Addeo to inventory and return all CIA information in her possession, custody or control to CIA; (b) enjoin and restrain Addeo, her agents, servants, employees, attorneys and all others in active concert or participation with her who receive actual notice thereof by personal service or otherwise, for a period of twelve (12) months from the date of the Court's Order, whether in the capacity as an employee of Liberty and Moody, or otherwise, from directly or indirectly diverting business from CIA to Liberty and Moody, or otherwise;

(2)     pursuant to Florida Statute § 688.004(1), award damages to CIA for the actual loss caused by Addeo's misappropriation and the unjust enrichment caused by Addeo's misappropriation that is not taken into account in computing actual loss;

(3)      pursuant to Florida Statute § 688.004(2), award exemplary damages in an appropriate amount;

(4)      pursuant to Florida Statute § 688.005 and other applicable law, award CIA its costs and expenses of this action, including reasonable attorneys' fees, appellate fees and disbursements; and

(5)      grant CIA such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

<u>**COUNT V**</u>
**FLORIDA UNIFORM TRADE SECRETS ACT**
AGAINST LORRAINE R. CARRIO

30.      CIA seeks damages and injunctive relief against Carrio pursuant to the Florida Uniform Trade Secrets Act, Florida Statute §§ 688.001-688.009.     CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

31.      The confidential and proprietary business information improperly obtained, retained, disclosed and used by Carrio, as specified above, constitutes "trade secrets" as that term is defined by Florida Statute § 688.002(4).     Carrio's conduct constitutes actual "misappropriation" and threatened future "misappropriation," as that term is defined by Florida Statute § 688.002(2)(a) and (2)(b).

32.      Carrio's conduct was willful and malicious, has caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Carrio's misappropriation of CIA's trade secrets, including the loss and diversion, including the loss and diversion of business and clients from CIA to Liberty and Moody.

33.      Carrio's conduct has caused CIA to incur costs, expenses and attorneys fees in bringing this action.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)    pursuant to Florida Statute § 688.003:  (a) order Carrio to inventory and return all CIA information in her possession, custody or control to CIA; (b) enjoin and restrain Carrio, her agents, servants, employees, attorneys and all others in active concert or participation with her who receive actual notice thereof by personal service or otherwise, for a period of twelve (12) months from the date of the Court's Order, whether in the capacity as an employee of Liberty and Moody, or otherwise, from directly or indirectly diverting business from CIA to Liberty and Moody, or otherwise;

(2)    pursuant to Florida Statute § 688.004(1), award damages to CIA for the actual loss caused by Carrio's misappropriation and the unjust enrichment caused by Carrio's misappropriation that is not taken into account in computing actual loss;

(3)    pursuant to Florida Statute § 688.004(2), award exemplary damages in an appropriate amount;

(4)    pursuant to Florida Statute § 688.005 and other applicable law, award CIA its costs and expenses of this action, including reasonable attorneys' fees, appellate fees and disbursements; and

(5)    grant CIA such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

<u>COUNT VI</u>
**FLORIDA UNIFORM TRADE SECRETS ACT**
AGAINST DONNA J. MARCHESE

34.    CIA seeks damages and injunctive relief against Marchese pursuant to the Florida Uniform Trade Secrets Act, Florida Statute §§ 688.001-688.009.  CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

35.     The confidential and proprietary business information improperly obtained, retained and disclosed by Marchese, as specified above, constitutes "trade secrets" as that term is defined by Florida Statute § 688.002(4).     Marchese's conduct constitutes actual "misappropriation" as that term is defined by Florida Statute § 688.002(2)(a) and (2)(b).

36.     Marchese's conduct was willful and malicious, has caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Marchese's misappropriation of CIA's trade secrets, including the loss and diversion, including the loss and diversion of business and clients from CIA to Liberty and Moody.

37.     Marchese's conduct has caused CIA to incur costs, expenses and attorneys fees in bringing this action.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)     pursuant to Florida Statute § 688.003:  (a) order Marchese to inventory and return all CIA information in her possession, custody or control to CIA; (b) enjoin and restrain Marchese, her agents, servants, employees, attorneys and all others in active concert or participation with her who receive actual notice thereof by personal service or otherwise, for a period of twelve (12) months from the date of the Court's Order, whether in the capacity as an employee of Liberty and Moody, or otherwise, from directly or indirectly diverting business from CIA to Liberty and Moody, or otherwise;

(2)     pursuant to Florida Statute § 688.004(1), award damages to CIA for the actual loss caused by Marchese's misappropriation and the unjust enrichment caused by Marchese's misappropriation that is not taken into account in computing actual loss;

(3)     pursuant to Florida Statute § 688.004(2), award exemplary damages in an appropriate amount;

(4)	pursuant to Florida Statute § 688.005 and other applicable law, award CIA its costs and expenses of this action, including reasonable attorneys' fees, appellate fees and disbursements; and

(5)	grant CIA such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

<u>**COUNT VII**</u>
**BREACH OF CONTRACT**
AGAINST BARBARA A. ADDEO

38.	CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

39.	On or about November 1, 2006, Addeo and CIA entered into a Standard Employment Agreement (the "Addeo Agreement") encompassing the period beginning with that date and ending October 31, 2021, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein.

40.	The Addeo Agreement defines, in detail, as "Confidential Information," the identity of any individual insured, association and member thereof, key contacts at each client, the specific insurance policies, expiration dates, commission rates, fees, premiums and other terms and conditions of such policies.   (Exhibit A, Section 1.1).

41.	The Addeo Agreement defines, as the "sole property" of CIA, all Client Accounts, Client lists, Client contact and decision maker information, premiums, commissions, fees and other forms of compensation, and all Confidential Information, as those terms are defined by the Addeo Agreement.   (Exhibit A, Section 6.1).

42.	Pursuant to the Addeo Agreement, during the term and for a period of twenty-four (24) months following the term of the Agreement, Addeo is prohibited from using or willfully

disclosing any Confidential Information, as that term is defined by the Addeo Agreement. (Exhibit A, Sections 6.2 and 6.3)

43.     Pursuant to the Agreement, for a period of two (2) years, Addeo is prohibited from directly or indirectly soliciting, selling, managing, providing, accepting any request to provide, or inducing the termination, cancellation or non-renewal of, any CIA Business (as that term is defined) by the Addeo Agreement.    (Exhibit A, Section 7.1).

44.     Addeo's conduct constitutes a breach of Sections 6.2, 6.3 and 7.1 of the Addeo Agreement and has directly and proximately caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Addeo's misappropriation of CIA's trade secrets and confidential business information and the diversion of business and clients from CIA to Liberty and Moody.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)     order Addeo to inventory and return all CIA information in her possession, custody or control to CIA;

(2)     pursuant to Florida Statute § 542.335(1)(j), enjoin and restrain Addeo, her agents, servants, employees, attorneys and all others in active concert or participation with her who receive actual notice thereof by personal service or otherwise, for a period of twenty-four (24) months from the date of the Court's Order, from directly or indirectly soliciting, selling, managing, providing, accepting any request to provide, or inducing the termination, cancellation or non-renewal of, any CIA Business (as that term is defined) by the Addeo Agreement.

(3)     award damages to CIA for the actual loss caused by Addeo's breach of the Addeo Agreement;

(4) grant CIA such other and further relief as this Court deems just, necessary and proper.

**COUNT VIII**
**BREACH OF CONTRACT**
AGAINST LORRAINE R. CARRIO

45. CIA incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

46. On or about November 1, 2006, Carrio and CIA entered into a Standard Employment Agreement (the "Carrio Agreement") encompassing the period beginning with that date and ending October 31, 2021, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein.

47. The Carrio Agreement defines, in detail, as "Confidential Information," the identity of any individual insured, association and member thereof, key contacts at each client, the specific insurance policies, expiration dates, commission rates, fees, premiums and other terms and conditions of such policies.   (Exhibit B, Section 1.1).

48. The Carrio Agreement defines, as the "sole property" of CIA, all Client Accounts, Client lists, Client contact and decision maker information, premiums, commissions, fees and other forms of compensation, and all Confidential Information, as those terms are defined by the Carrio Agreement.   (Exhibit B, Section 6.1).

49. Pursuant to the Carrio Agreement, during the term and for a period of twenty-four (24) months following the term of the Agreement, Carrio is prohibited from using or willfully disclosing any Confidential Information, as that term is defined by the Carrio Agreement. (Exhibit B, Sections 6.2 and 6.3)

50.     Pursuant to the Agreement, for a period of two (2) years, Carrio is prohibited from directly or indirectly soliciting, selling, managing, providing, accepting any request to provide, or inducing the termination, cancellation or non-renewal of, any CIA Business (as that term is defined) by the Carrio Agreement.    (Exhibit B, Section 7.1).

51.     Carrio's conduct constitutes a breach of Sections 6.2, 6.3 and 7.1 of the Carrio Agreement and has directly and proximately caused actual loss to CIA, and threatens additional and future loss to CIA if not enjoined by the Court, as a direct and proximate result of Carrio's misappropriation of CIA's trade secrets and confidential business information and the diversion of business and clients from CIA to Liberty and Moody.

**WHEREFORE**, CIA respectfully requests that the Court:

(1)     order Carrio to inventory and return all CIA information in her possession, custody or control to CIA;

(2)     pursuant to Florida Statute § 542.335(1)(j), enjoin and restrain Carrio, her agents, servants, employees, attorneys and all others in active concert or participation with her who receive actual notice thereof by personal service or otherwise, for a period of twenty-four (24) months from the date of the Court's Order, from directly or indirectly soliciting, selling, managing, providing, accepting any request to provide, or inducing the termination, cancellation or non-renewal of, any CIA Business (as that term is defined) by the Carrio Agreement.

(3)     award damages to CIA for the actual loss caused by Carrio's breach of the Carrio Agreement;

(4)      grant CIA such other and further relief as this Court deems just, necessary and proper.

Respectfully submitted,

s/  *Eric K. Gabrielle*

Eric K. Gabrielle (Florida Bar No. 160725)
Email:  egabrielle@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard – Suite 2100
Fort Lauderdale, Florida  33301
Telephone:  954-462-9527
Facsimile:  954-462-9567
*Attorneys for Plaintiff*